IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Brian Judy, | ) | Civil Action No. 2:18-cv-1843-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Mako Marine International, Inc., and | ) | |
| Tracker Marine, LLC d/b/a Tracker Marine | ) | |
| Group, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Strike the Affidavit of Neil Haynes (Dkt. No. 37). For the reasons set forth below, the motion is granted.

## I.   Background

In brief, this action arises out of a 2006 Mako Marine 234 ("the Boat") that capsized in July 2015 while Plaintiff Keith Brian Judy and two passengers were approximately 20 – 25 miles offshore. Plaintiff and his passengers floated in the ocean for 22 hours before being rescued by the Coast Guard. (*Id.* at 57; 34-5.) Defendants moved for summary judgment, and Plaintiff filed a response, including an affidavit from their expert, Neil Haynes. (Dkt. Nos. 34, 35.) Defendants moved to strike an affidavit, arguing the affidavit contradicts Haynes' report and testimony. (Dkt. No. 37.) Plaintiff opposes the motion, and Defendants filed a reply. (Dkt. Nos. 38, 39.)

## II.   Discussion

Defendants allege the Haynes affidavit submitted with the summary judgment briefing directly contradicts Haynes prior report and testimony and was not properly disclosed under Federal Rule of Civil Procedure 26. (Dkt. No. 37.) As explained in the Court's Order on Summary Judgment, Haynes' report and testimony did not testify to more than a "possibility" that any defect existed with the 2006 Mako Marine 234 ("the Boat") or that any defect caused the injuries here.

The affidavit, seven paragraphs in total and signed on July 24, 2019, contains new opinions not contained in Haynes' report or testimony. (Dkt. No. 35-3.) Notably, the affidavit contained the following opinions:

- That the fish boxes were not watertight at the time the vessel left the manufacturer. (*Id.* at ¶ 2.)

- That the fish boxes were defective as they were not integrated into the bottom of the fiberglass deck, causing them to not be watertight. (*Id.* at ¶¶ 3 – 6.)

- That these defects were caused by the manufacturer's construction of the boat. (*Id.* at ¶¶ 3, 6.)

In addition to these new and clearly articulated opinions, the affidavit also contained a material change to Haynes' testimony: Haynes states that his opinions are based on "a reasonable degree of certainty" as the "probable cause" of the Boat capsizing. (*Id.*)

However, it is well-settled that a party cannot avoid summary judgment by submitting an affidavit contradicting a witness's prior testimony:

If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990) (citations omitted). *See also Priester v. Futuramic Tool & Eng'g Co.*, No. 2:14-CV-01108-DCN, 2017 WL 193577, at *6 (D.S.C. Jan. 18, 2017) ("Courts have repeatedly ruled that parties may not avoid summary judgment by 'supplementing' an expert report with this type of 'new and improved' expert report.") (citations omitted). The affidavit cannot be considered as anything other than a "new and improved" expert report, specifically responding to Defendants correct recognition that Haynes previously failed to testify regarding a defect or causation with the requisite degree of certainty. Therefore, as the Fourth Circuit has recognized, this affidavit, separate from any motion to strike,

fails to create a dispute of material fact as "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Rohrbough*, 916 F.2d at 975.

Further, independent of the affidavit failing to create a dispute of material fact, the Court also finds it appropriate to strike the affidavit as Plaintiff failed to timely disclose these new opinions from Haynes. Specifically, Plaintiff was required to identify their expert witnesses by March 27, 2019, which they did. (Dkt. Nos. 19, 23.) Additionally, Haynes was deposed on May 30, 2019. (Dkt. No. 34-2.) Defendants moved for summary judgment on July 10, 2019. (Dkt. No. 34.) These new opinions were disclosed after the expert deadline passed, after Haynes was deposed, and after Defendants already moved for summary judgment. Therefore, as Plaintiff failed to timely disclose these opinions by Haynes, the Court finds that it is appropriate to strike the affidavit under Federal Rule of Civil Procedure 37(c)(1). Additionally, Plaintiff has made no showing that this late disclosure was "substantially justified," or "harmless," as required under Rule 37(c)(1). Instead, Plaintiff provided no argument why the late-disclosure was justified, and it is clear that this late-disclosed affidavit, submitted after Defendants deposed Haynes and moved for summary judgment, was not harmless. Therefore, in addition to finding that the affidavit fails to create a dispute of material fact, the Court strikes Haynes' affidavit. (Dkt. No. 35-3.)

## III.    Conclusion

For the reasons above, the Court **GRANTS** Defendants' Motion to Strike (Dkt. No. 37).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 17, 2019
Charleston, South Carolina